RECEIVED

FEB 27 2014

BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Joseph Harden,  )
    Petitioner, )
                                    )
v.                                  ) Case No.
                                    )
Michael Bowersox, )
    Respondent. )

## SUGGESTION IN SUPPORT FOR PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS FOR A PERSON IN STATE CUSTODY

COMES NOW, Petitioner (Harden), in the above styled cause of action and argues in support of:

GROUND ONE: Insufficient evidence for Robbery 1st and Armed Criminal Action (ACA) convictions (Due Process Clause, 5th and 14th Amend., U.S. Constitution); and

GROUND TWO: Insufficient evidence for Murder 1st and ACA convictions (Due Process, 5th and 14th Amend., U.S. Constitution), that:

To affirm Harden's Robbery 1st and ACA convictions this court would have to find, after reviewing the evidence in the light most favorable to the prosecution, that any rational trier of

1

fact could have found, beyond a reasonable doubt, the essential elements that Harden:

(1) Forcibly stole property; and

(2) In the course thereof caused serious physical injury to Albert Lynn Harper.

Jackson v. Virginia, 443 U.S. 307, 319 (1979); §569.020 RSMo. (2000); §571.015 RSMo. (2000)

This is not possible to find because no rational trier of fact can point to the pieces of trial evidence that prove beyond a reasonable doubt that Harden, "forcibly stole" Albert's wallet; or that "in the course thereof" Harden caused serious physical injury to Albert. Neither can proof beyond a reasonable doubt be supplied by inference because no rational trier of fact can point to ultimate facts, reasonably inferred from basic facts, which prove the elements.

To affirm Harden's Murder 1st and ACA convictions this court would have to find, after reviewing the evidence in the light most favorable to the prosecution, that any rational trier of fact could have found, beyond a reasonable doubt, the essential elements that Harden:

(1) Knowingly caused the death of Albert; and
(2) Did so after deliberation upon the matter.

Jackson, Id. at 319; §565.020 RSMo. (2000); §571.015 RSMo. (2000)

Deliberation is defined under §565.002 RSMo. (2000) as 'cool reflection for any length of time no matter how brief'. Concerning the element of deliberation for murder in the first degree, the Supreme Court of Missouri has stated that: "Both second degree murder and first degree murder require that the act be intentionally done. Only first degree murder requires the cold blood, the unimpassioned premeditation that the law calls deliberation." State v. O'Brien, 857 S.W.2d 212, 218 (Mo. 1993).

This is not possible to find because no rational trier of fact can point to the pieces of trial evidence that prove beyond a reasonable doubt that Harden "knowingly caused" the death of Albert "after deliberation upon the matter". Neither can proof beyond a reasonable doubt be supplied by inference because no rational trier of fact can point to ultimate facts, reasonably inferred from basic facts, which prove the elements. Jackson, Id. at 319.

All we know for sure from the evidence is that Harden and Albert were together at one point; Albert was killed; Albert's wallet was found in a trash can; and Harden had Albert's blood on his pants. Whatever crime these facts may prove, they do not prove Robbery in the first degree or Murder in the first degree beyond a reasonable doubt. The only way these facts could prove Harden guilty is if the conclusion is jumped to that he is guilty using

speculation. But this is not what the law demands. The law demands that the trier of fact be rational, and that their inferences be reasonable. Jackson, Id. at 319. This means a reviewing court must be able to point to the evidence that supports an element and then explain, in a reasonable way, how that evidence supports a finding of guilt beyond a reasonable doubt. Because, in this case, no reasonable person can do this, reasonable doubt is present.

This case is a perfect example of a trier of fact jumping to conclusions without support of a reasonable explanation linked to the evidence on record. To allow Harden's convictions to stand would be to return sufficiency of evidence review to the 'no evidence' rule of Thompson v. Louisville, 362 U.S. 199 (1960). This rule was rejected by the Supreme Court of the United States in Jackson v. Virginia, 443 U.S. 307 (1979) because:

> " "[A] mere modicum of evidence may satisfy a 'no evidence' standard...."...Any evidence that is relevant - that has a tendency to make the existence of an element of a crime slightly more than it would without the evidence,... could be deemed a "mere modicum". But it could not seriously be argued such a "modicum of evidence could by itself rationally support a conviction beyond a reasonable doubt." Id. at 320

For these reasons Hardens convictions must be reversed.

4

Showing Required By §2254(d)(1)

The Missouri Court of Appeals, Southern District's adjudication of GROUND ONE and GROUND TWO resulted in a decision that involved an unreasonable application of the standard set forth in Jackson v. Virginia, Id., in that the standard was applied to the facts of this case in an objectively unreasonable manner (reminiscent of the 'no evidence' rule of Thompson v. Louisville, Id.). This is so because the adjudication used speculation, instead of reason to find proof of the elements beyond a reasonable doubt. This is proven because no fair minded jurist could point to the evidence from the record that supports a finding of guilt beyond a reasonable doubt; that is, without abandoning reason and using speculation with the 'no evidence' rule to find proof of the elements.

WHEREFORE, the Missouri Court of Appeals adjudication of GROUND ONE and GROUND TWO must be set aside as unreasonable.

GROUND THREE: Ineffective assistance of counsel (6th Amendment, U.S. Const.

Showing Required By §2254(d)(1)   - First Issue

The Missouri Court of Appeals, Southern District's adjudication of GROUND THREE resulted in a decision that involved an unreasonable

5

application of the standard set forth in <u>United States v. Goodwin</u>, 457 U.S. 368 (1982), because, the State court's ruling is so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement, <u>Harrington v. Richter, 131 S.Ct. 770, 786-787 (2011)</u>; in that, the Supreme Court of the United States (in many cases) has stated the principle that "death is different", <u>Baze v. Rees, 553 U.S. 35, 84 (2008)</u>("In subsequent years a number of our decisions relied on the premise that "death is different" from every other form of punishment to justify rules minimizing the risk of error in capital cases.").

The act of seeking the death penalty cannot be seperated from vindictiveness; and no reasonable argument can convince a fairminded jurist otherwise, <u>Richter, Id. at 788</u>. Therefore, a presumption of vindictiveness should apply every time the State seeks the penalty of death; and this presumption should operate to bar the States use of the death penalty as a bargaining chip to force a criminal defendant to surrender any legal right.

In this case the State court's adjudication was also unreasonable because the court refused to extend the governing legal principle, that "death is different", to the context of prosecutorial vindictiveness, in which the principle should have controlled. See, <u>Ramdass v. Angelone, 530 U.S. 156, 166 (2000)</u>("A state determination may be set aside under this standard [§2254(d)(1)] if, under clearly established federal law, a state court was

6

unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled.") The principle that "death is different" always applies to every case that involves the penalty of death, and to not apply that principle, in such a case, is always unreasonable.

Showing Required By §2254(d)(1)   - Second Issue

The Missouri Court of Appeals, Southern District's adjudication of GROUND THREE resulted in a decision that was contrary to clearly established federal law because that court applied a rule that contradicts the governing law set forth in cases of the supreme Court of the United States, Williams v. Taylor, 529 U.S. 362, 405 (2000).

In adjudicating this ground the Court of Appeals stated: "There are two ways to prove prosecutorial vindictiveness: (1) "if a realistic likelihood of vindictiveness is found, a presumption is erected in [the] defendant's favor [,] which the prosecutor must rebut"; or (2) "a defendant can make a case for prosecutorial vindictiveness without the aid of the...presumption if he can prove, through objective evidence [,] that the sole purpose of the State's action was to penalize him for exercising some right." State v. Potts, 181 S.W.3d 228, 233-34 (Mo.App. 2005)(citing United States v. Goodwin, 457 U.S. 368. 380 n.4, 384, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982))." Mo.App. S.D. opinion at 8 (SD32315)

7

This accurately reflects the rule established by the Supreme Court of the United States in Goodwin, Id. for finding prosecutorial vindictiveness. The problem starts when we read the next section of the court's opinion, in which they state further that:" "Reasonable likelihood" is determined by weighing two factors: (1) the prosecutor's stake in deterring the exercise of the right being asserted; and (2) the prosecutor's actual conduct. State v. Cayson, 747 S.W.2d 155, 158 (Mo.App. 1987)." opinion at 8 (SD32315)

This rule applied by the court is contrary to the rule in Goodwin, Id. in that:

  (a) it changes the likelihood needed from one that is "realistic" (meaning 'existing in fact', Collins Comp. Dict. & Thes. 2d (2008) at 498) to one that is "reasonable" (meaning 'logical', Collins, Id. at 499). The rule is contrary because fact based and reason based findings are "diametrically different", Williams, Id. at 405; this is because facts are rooted in the senses while reason is rooted in the mind; and

  (b) The rule narrows the facts that can be used to only two categories: (1) the prosecutor's stake in detering the exercise of the right; and (2) the prosecutor's actual conduct. Therefore, the rule is contrary because narrowing the facts that can be considered from all facts (under Goodwin) to just two categories of facts (under Cayson) is "opposite in character or nature", Williams, Id. at 405.

8

Showing Required By §2254(d)(2)

The Missouri Court of Appeals, Southern District's adjudication of GROUND THREE resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, in that:

After rejecting Harden's argument that, prosecutorial vindictiveness was based on rejection of a plea offer, the court stated: "Movant provides no other logical arguments as to how the State's action constituted prosecutorial vindictiveness." Mo.App. S.D. opinion at 9 (SD32315)

This is an unreasonable determination of fact, in light of the evidence presented, because Harden did provide the court with other logical arguments supporting vindictiveness, which were:

(a) "...none of the facts changed and no new evidence of aggravating circumstances were developed between the time Appellant was charged and the time they went to bench trial." Appellant's Brief (SD32315) at 40-41; and

(b) "The objective data with all ten or twelve cases that Mr. Wolfrum [Harden's trial counsel] handled with Mr. Hazel [the prosecutor] and all four death cases that Ms. Kerry-Davis [Harden's trial counsel] handled with Mr. Hazel, the prosecutor eventually backed down off of death and came up with some

9

other negotiation..." Appellant's Brief, Id. at 42; and

(c) "Nothing in the record suggested that non-vindictive reasons, such as new evidence about the crime, Appellant, or the crime's impact, underlay notice of intent to seek the death penalty. Rather, everything suggested that the State vindictively filed the notice of death to encourage Appellant to waive his jury trial and to deter him from proceeding to trial." Appellant's Brief, Id. at 42-43

This clear and convincing evidence, from the record before the court, proves that other logical arguments supporting prosecutorial vindictiveness were made; and therefore, the court's determination that they were not, is unreasonable.

GROUND FOUR: Ineffective assistance of counsel (6th Amendment, U.S. Const.)

Showing Required By §2254(d)(2)

The Missouri Court of Appeals, Southern District's adjudication of GROUND FOUR resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in that:

In adjudicating this ground that court, on page 10 of it's

10

opinion (SD32315) at note 4 stated:

> "[4] Although in the argument portion of this point Movant suggests that Booth's testimony was inadmissible because he lacked first-hand knowledge of whether Movant placed the shirt and hat under the steps,
> Movant's point relied on discusses only that Booth's testimony was inconsistent. "We do not consider arguments raised in the argument portion of [a] brief that were not encompassed in the points relied on." State v. Irby, 254 S.W.3d 181, 195 (Mo.App. 2008)."

This is clearly an unreasonable determination of the facts because the point relied on for ground four never used the word "inconsistent" in reference to the claim, nor can the wording of the point be said to only say that the theory of inconsistency was covered by the point. A fair reading of the point will clearly show that the argument that Booth lacked first-hand knowledge was encompassed by the point relied on. This is shown by the point relied on itself which states:

> "The motion court clearly erred in denying Appellant's motion after a hearing because Appellant proved facts showing that he was denied his right to due process of law, to effective assistance of counsel, to present a defense, and to a fair trial in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10

11

and 18(a) of the Missouri Constitution, in that trial counsel was ineffective for failing to request that the trial court strike Donald Booth's testimony. During the preliminary hearing, Mr. Booth testified that he was not paying attention and did not see Appellant go over and place something under the bottom part of the porch. Mr. Booth only testified that he saw a red handkerchief under the porch. At trial, Mr. Booth never testified that he saw Appellant place a shirt and hat underneath part of a foundation on a neighboring vacant lot. The trial court asked Mr. Booth about the shirt and hat and Mr. Booth stated he never told the police that he saw Appellant place the shirt and hat under the porch. Had trial counsel requested that the trial court strike Mr. Booth's testimony, there would have been no evidence linking Appellant to the shirt and hat. But for trial counsel's failure, there is a reasonable probability that Mr. Booth's testimony would been struck and the outcome of Appellant's trial woulkd have been different."

The Appellate court in this instance may have been confused because Harden argued that his trial counsel erred in treating this issue as one of inconsistent testimony. But a look at the point, and the cases cited in the argument portion of the Brief (e.g. <u>Dixon v. State, 420 S.W.2d 267, 271-72 (Mo. 1967)</u>)(setting forth first-hand knowledge is necessary for a witness) clearly show the Appellate court made an unreasonable determination of fact.

12

Respectfully Submitted,

*Joseph Harden*

Joseph Harden #286322
South Central Correctional Center
255 W. Hwy. 32
Licking, MO 65542-9069

CERTIFICATE OF INSTITUTIONAL MAILING

I hereby certify that a copy of the foregoing was mailed, via U.S. Mail, with first-class postage prepaid, to: Office of the Clerk, U.S. District Court, Eastern District of Missouri, 111 S. 10th St. Ste. #3.300, St. Louis, MO 63102 by being deposited in the Institutional Mailbox at: South Central Correctional Center, 255 W. Hwy. 32, Licking, MO 65542-9069.

Executed On: 2/24/2014  Signed: *Joseph Harden*

Joseph Harden #286322
SCCC, 255 W. Hwy. 32
Licking, MO 65542-9069