RECEIVED
MAY 0 2 2014
BY MAIL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH HARDEN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:14-CV-383 NAB |
| MICHAEL BOWERSOX, | ) |
| Respondent. | ) |

PETITIONER'S REPLY TO
RESPONSE TO ORDER TO SHOW CAUSE WHY
A WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED

COMES NOW Petitioner (Harden), and in support of this reply, states:

Reply To Merits Analysis

    Harden has no desire for this court to "second guess" the reasonable decisions of the State courts. But he does want this court to recognize the decisions of the State courts, in this case, were unreasonable.

    The facts and arguments for why the State court's decisions were unreasonable, in applying Federal Law, and determining

1

facts, need not be presented here, as they are in Harden's Memorandum supporting his petition.

What does need to be presented are the reasons Harden should be granted relief.

Ground One

All required to determine if the State court's decisions, in Ground One, are reasonable is to:

    a. Point to the evidence that Harden forcibly stole property; and

    b. Using reasonable inferences,[1] demonstrate how that evidence proves Harden "forcibly stole property", beyond a reasonable doubt; then

    c. Point to the evidence that Harden "in the course of" "forcibly stealing property" caused physical injury; and

    d. Using reasonable inferences demonstrate how that evidence proves Harden "in the course of forcibly stealing property caused physical injury.

---

[1] Reasonable inferences from basic facts to ultimate facts, as set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979), not a "mere modicum" of evidence that makes the existence of an element slightly more probable (the "no evidence" standard rejected in Jackson, Id., at 320)

2

It is critical to point out that the element needing evidence is <u>not</u> "forcibly stole property" <u>and</u> "caused physical injury". The element needing evidence is that the physical injury was caused "in the course of" forcibly stealing property.

This may be a fine line, but it is the line drawn by the law, and therefore needs to be respected.

If this court cannot use this process to point to the evidence, reasonably inferring Harden's guilt of Robbery in the first degree, beyond a reasonable doubt, relief for Harden is appropriate.

Ground Two

The State's argument why Harden should be denied relief on Ground Two amounts to saying Harden had a brief moment to "cooly reflect"[2] and therefore, <u>this</u> is evidence that he actually cooly reflected.

This is a fallacy in reasoning because evidence that Harden had time to cooly reflect is <u>not</u> evidence that he did. Any court that says so is making an unreasonable decision under 28 U.S.C. §2254(d)(1) and (2).

---

[2] The definition of the element of "Deliberation", required to find guilt on Murder in the first degree §565.020.1 RSMo., is "cool reflection for any length of time no matter how brief" §565.002(3) RSMo.

Again, using the process from <u>Jackson v. Virginia, Id.</u>, if this court cannot point to the evidence, reasonbly infering Harden's guilt, beyond a reasonable doubt for Murder in the First degree, relief is appropriate for Harden.

Harden is confident this court will find no evidence that he cooly reflected.

Ground Three

The facts and arguments in the Memorandum supporting Ground Three are enough to convince this court that relief on this ground is required. The reason a prosecutor cannot use the death penalty in the same way any other penalty is used is because **DEATH IS DIFFERENT**. Where life, or even life without parole can be used by a prosecutor as a bargaining chip, the line has been drawn barring death as a bargaining chip. For who, in any court, can say that it is reasonable to determine a decision made by a defendant under the threat of death is made under the meaning of "Due Process"?

It is Harden's belief that, because the Supreme Court of the United States has determined that death is different, use of death as a bargaining chip is unconstituional under the Due Process Clause of the 14th Amendment U.S. CONST.

Ground Four

Again, the facts and arguments in Harden's Memorandum require no repetition in support of ground four. What can be said is, if a witness cannot or does not remember, then that witness should not be allowed to testify about the matter he cannot or does not remember. Donald Booth's relevant testimony has been mislabeled as "inconsistent". The facts are what they are and this court will have to make it's own decision.

Conclusion

This court has a hard job to do, and one which will result in Harden being granted the relief prayed for.

Respectfully Submitted,

*Joseph Harden*
Joseph Harden #286322
SCCC, 255 W. Hwy. 32
Licking, MO 65542-9069

5

CERTIFICATE OF SERVICE AND INSTITUTIONAL MAILING

I hereby certify that a copy of the foregoing was served via U.S. Mail, with First-Class postage prepaid to: Katharine A. Dolin, P.O. Box 899, Jefferson City, MO 65102, by being deposited in the Institutional Mailbox at: South Central Correctional Center, 255 W. Hwy. 32, Licking, MO 65542-9069.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 4/30/2014    Signed: _Joseph Harden_
                                  Joseph Harden #286322
                                  SCCC, 255 W. Hwy. 32
                                  Licking, MO 65542-9069