UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSEPH HARDEN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-383 NAB |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Petitioner Joseph Harden's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). [Doc. 18.] Respondent Michael Bowersox filed a response on May 19, 2017. [Doc. 24.] Based on the following, the Court will deny Petitioner's Motion to Alter or Amend Judgment.

**I.     Procedural Background**

Petitioner filed a Petition for Writ of Habeas Corpus on February 27, 2014. [Doc. 1.] Respondent filed a Response to the Petition. [Doc. 7.] On April 12, 2017, the Court entered a Memorandum and Order and Judgment granting in part and denying in part the Petition. [Docs. 15, 16.] Specifically, the Court granted habeas relief with respect to Petitioner's conviction for first degree robbery and the corresponding armed criminal action conviction. The Court denied relief on all other claims.

## II. Standard of Review

"A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Briscoe v. County of St. Louis*, 690 F.3d 1004, 1015 (8th Cir. 2012). "One of the main purposes of Rule 59(e) is to allow a district court to 'rectify its own mistakes in the period immediately following the entry of judgment.'" *Burckhard v. BNSF Railway Co.*, 837 F.3d 848, 857 (8th Cir. 2016) (citing *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

## III. Discussion

Petitioner does not present newly discovered evidence; rather he contends that the Court committed manifest errors of law and fact. First, he states that the Court erred in giving deference to the state court's findings regarding the sufficiency of the evidence against him including DNA evidence, eyewitness testimony, and alibi defense evidence. Next, Petitioner alleges that the Court failed to apply 28 U.S.C. § 2254(d)(2) to this action. Petitioner also alleges the Court improperly relied upon state law when evaluating his Due Process claim in Ground 2.

The Court has carefully reviewed its Memorandum and Order denying Petitioner's Petition regarding his first degree murder and related armed criminal action convictions. The Court finds that it correctly applied The Anti-Terrorism and Effective Death Penalty Act of

1996, 28 U.S.C. § 2254 (AEDPA) to those claims and finds no error in its previous ruling. Therefore, the Court will deny Petitioner's Motion to Alter or Amend Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) is **DENIED**. [Doc. 18.]

Dated this 5th day of June, 2017.

        /s/ Nannette A. Baker
    NANNETTE A. BAKER
    UNITED STATES MAGISTRATE JUDGE